# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL IRIARTES PEREZ, | Case No. 1:26-cv-05224-KES-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND IMMEDIATELY RELEASE PETITIONER |
| v. | |
| WARDEN, | |
| Respondent. | |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of Cuba who was paroled into the United States on May 21, 1980. On November 30, 2004, Petitioner was taken into U.S. Immigration and Customs Enforcement ("ICE") custody, and Petitioner was issued a notice to appear on January 27, 2005. On March 9, 2005, an immigration judge ("IJ") ordered Petitioner removed from the United States. On June 22, 2005, Petitioner was released from ICE custody on an order of supervision. (ECF No. 5-1 at 2–3.[1])

On February 17, 2026, Petitioner was arrested for two bench warrants in reference to no driver's license and driving while license suspended charges. An immigration detainer was

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

issued, and Petitioner was taken into immigration custody on February 19, 2026. (ECF No. 5-1 at 2–3.)

On July 7, 2026, Petitioner filed a petition for writ of habeas corpus challenging his detention as arbitrary, excessive, violative of due process because removal is not significantly likely in the reasonably foreseeable future, and because he was not provided meaningful custody review. (ECF No. 1.) On July 29, 2026, Respondents filed a response, stating that if the Court finds noncompliance with applicable regulations, the remedy should be release on the same terms that governed before February 19, 2026 and deny any broader injunctions. (ECF No. 5.)

**II.**

**DISCUSSION**

The Court finds that issuance of findings and recommendation is appropriate despite the time for Petitioner to file a reply to Respondents' response having not yet expired.

**A.  Violation of Regulations**

"The regulations at 8 C.F.R. §§ 241.13(i) and 241.4(l) apply to non-citizens in petitioner's situation and outline the process to be followed." Yan-Ling X. v. Lyons, 813 F. Supp. 3d 1157, 1163 (E.D. Cal. 2025) (citing Nguyen v. Hyde, 788 F. Supp. 3d 144, 149 (D. Mass. 2025; Escalante v. Noem, No. 9:25-CV-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)).

> Upon release, a noncitizen subject to a final order of removal must comply with certain conditions of release. 8 U.S.C. § 1231(a)(3), (6). The revocation of that release is governed by 8 C.F.R. § 241.13(i), which authorizes ICE to revoke a noncitizen's release for purposes of removal. Specifically, a noncitizen's release may be revoked "if, on account of changed circumstances," it is determined that "there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). Upon such a determination:
>
> > [T]he alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. The alien may submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision. The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination

whether the facts as determined warrant revocation and further denial of release.

*Id*. § 241.13(i)(3).

Hoac v. Becerra, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025).

Here, Ground Three of the petition asserts that Petitioner was not provided a meaningful custody review after his re-detention. (ECF No. 1 at 10.) Respondents concede that "the record does not reflect a prompt informal interview." (ECF No. 5 at 1 (citing ECF No. 5-1 at 8–9).) "Because there is no indication that an informal interview was provided to Petitioner, the court finds . . . that his re-detainment was unlawful." Hoac, 2025 WL 1993771, at *4.

Based on the foregoing, the Court recommends finding that Petitioner is entitled to habeas relief on Ground Three of the petition and immediate release. See Yang v. Kaiser, No. 2:25-CV-02205-DAD-AC (HC), 2025 WL 2791778, at *5 (E.D. Cal. Aug. 20, 2025) (finding that "failure to provide an informal hearing is alone sufficient to entitle petitioner to the requested" relief of release from custody); Ceesay v. Kurzdorfer, 781 F. Supp. 3d 137, 166 (W.D.N.Y. 2025) ("In sum, because ICE did not follow its own regulations in deciding to re-detain Ceesay [without providing an informal interview], his due process rights were violated, and he is entitled to release."); Liu v. Carter, No. 25-3036-JWL, 2025 WL 1696526, at *3 (D. Kan. June 17, 2025) ("Accordingly, the Court concludes that because officials did not properly revoke petitioner's release pursuant to the applicable regulations, that revocation has no effect, and petitioner is entitled to his release (subject to the same Order of Supervision that governed his most recent release).").

**B.  Due Process**

Petitioner also challenges his detention on due process grounds, arguing that "Petitioner lived in the community for many years under ICE supervision. ICE cannot rely only on the old final order to justify re-detaining Petitioner indefinitely in 2026" but "should have a current and individualized reason, such as actual evidence that removal is imminent or proof that Petitioner presently cannot be supervised in the community." (ECF No. 1 at 9.) Respondents contend that

3

ordering immediate release under the same supervision conditions and declining to craft additional removal restrictions" is a "tailored remedy" that aligns with 8 C.F.R. § 241.13(i), which safeguards process and points to release where procedures were not followed." (ECF No. 5 at 2.)

> [M]any courts in this district have found that when a non-citizen subject to a final order of removal is released on OSUP and is re-detained years later, the non-citizen is entitled to a pre-deprivation hearing prior to detention due to an accrued liberty interest. *See e.g., J.L.R.P.*, 2025 WL 3190589, at *8–10; *Alva v. Kaiser*, No. 25-cv-06676-RFL, 2025 WL 2419262, at *3–5 (N.D. Cal. Aug. 21, 2025). In *J.L.R.P.*, this Court found that the petitioner was entitled to a bond hearing prior to re-detention because (1) petitioner had a significant private interest in remaining free from detention after being out of custody for nearly four years and built normal attachments to life (2) the risk of erroneous deprivation is high because 8 C.F.R. §§ 241.13 and 241.4 do not provide for review of ICE's reasons for revocation by a neutral arbitrator and (3) the government's interest in detaining petitioner without a hearing is low because in immigration court, custody hearings are routine with minimal costs. *J.L.R.P.*, 2025 WL 3190589, at *9–10 (citing the factors enumerated in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). Similarly, in *Alva*, the court found a due process violation where the government detained a non-citizen with a final order of removal, released on OSUP for over six years, without a pre-deprivation hearing. *Alva*, 2025 WL 2419262, at *3–5.

Huang v. Albarran, 818 F. Supp. 3d 1154, 1166 (E.D. Cal. 2026). "Accordingly, in the event of his re-detention, Petitioner has a right to a pre-deprivation hearing where the government bears the burden of showing that Petitioner's release poses a flight risk or danger to the community." Id. at 1166–67 (citing J.L.R.P., 2025 WL 3190589, at *9–10; Alva, 2025 WL 2419262, at *3–5). Accord Lim v. Sec'y, United States Dep't of Homeland Sec., No. 1:26-CV-01140-KES-EPG (HC), 2026 WL 1908033 (E.D. Cal. July 2, 2026).

### III.

### RECOMMENDATIONS

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED;

2. Petitioner be immediately released, subject to his most recent order of supervision; and

3. Respondents be enjoined from re-detaining Petitioner unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or Respondents

demonstrate by clear and convincing at a pre-deprivation bond hearing before a neutral decisionmaker that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 30, 2026**

STANLEY A. BOONE
United States Magistrate Judge